UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRYSLER GROUP, LLC

       Plaintiff,

v.                                                Case No. 14-12964

EAGLE AUTO-MALL CORP.,                    HON. AVERN COHN

       Defendant.

_____/

**MEMORANDUM AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 4)**

I.  Introduction

This is a business dispute.  Plaintiff Chrysler Group, LLC (Chrysler) is suing Eagle Auto-Mall Corporation (Eagle) seeking declaratory relief on the grounds that Eagle has, or will, breach of a letter of intent (LOI).  Before the Court is Chrysler's motion to remand on the grounds that the LOI contains a forum selection clause requiring that any legal action be "filed" in Oakland County.  For the reasons that follow, the motion will be denied.

II.  Background

Chrysler and Eagle entered into a LOI which called for Eagle to renovate its dealership.  After Eagle submitted architectural plans, Chrysler rejected the proposal because it did not meet certain requirements of the LOI and insisted on Eagle's performance under the terms and conditions as agreed upon.  Eagle apparently told Chrysler that it is not able to meet the requirements set forth the in LOI.

Chrysler filed suit in Oakland County Circuit Court seeking declaratory relief for

anticipatory breach of the LOI.  Eagle removed the case to a federal court on the grounds of diversity jurisdiction.  Eagle then filed an answer and counterclaim (Doc. 5), seeking declaratory relief based Chrysler's breach of the LOI as well as raising other claims.  Chrysler filed a motion to remand based on the forum selection clause in the LOI.

### III.  Analysis

### A.

Chrysler argues that Eagle is precluded from removing the case to federal court because of a the forum selection clause in the LOI.  Eagle says that the parties have complied with the clause because Chrysler sued Eagle in Oakland County and the forum selection clause does not preclude or waive Eagle's statutory right of removal under 28 U.S.C. § 1441.

### B.

### 1.

A forum selection clause is part of a contract; the principles of contract interpretation apply.  In re Delta Amer. Re Ins. Co., 900 F.2d 890, 892 (6th Cir. 1990). "It is a cardinal rule of contract construction that an unambiguous agreement must be construed according to its plain meaning."  Bomarko, Inc. v. Rapistan Corp., 207 Mich. App. 649, 671 (1994).

The forum selection clause provides:

Michigan law will be used to interpret this LOI, without regard to Michigan's conflicts of law rules.  **Any legal action based on this LOI  must be filed in Oakland County, Michigan**.  Both parties waive any right to jury trial in any legal action based on this LOI.

2

(Emphasis added).

Neither party has argued that the forum selection clause is ambiguous. Indeed, it is not ambiguous. It plainly states that "[a]ny legal action based on the LOI must be filed in Oakland County, Michigan." Chrysler filed its action based on the LOI in Oakland County in accordance with the forum selection clause. Thus, Chrysler complied with the plain meaning of the forum selection clause.

The issue is whether the forum selection clause precludes Eagle from removing the case, i.e. whether Eagle waived its right to remove. General principles of contract interpretation are used to determine whether the right to remove has been waived. Cadle Co. v. Reiner, Reiner & Bendett, P.C., 307 F. App'x. 884, 889 (6th Cir. 2009); Cleveland v. Ameriquest Mortg. Sec., Inc., 615 F.3d 496, 501 (6th Cir. 2010). "[T]he Sixth Circuit has established a higher threshold for finding waiver of the right of removal than have other circuits." LaSalle Group, Inc. v. Tiger Masonry, Inc. No. 10-11328, at *3 (E.D. Mich. Oct. 15, 2010). In the Sixth Circuit, "a contract provision does not waive the right of removal unless it is 'clear and unequivocal.'" Id. Both parties cite caselaw in support of their position as to whether the forum selection clause precludes removal. The caselaw is examined below.

2.

Chrysler says that the language in the forum selection clause that "[a]ny legal action" should be filed in Oakland County demonstrates intent to keep the action in state court. Chrysler says that interpreting the forum selection clause in a way that does not prohibit removal would render it meaningless.

Chrysler cites Karl Koch Erecting Co., Inc. v. New York Convention Center

3

Develop. Co., 828 F.2d 656 (2d Cir. 1988).  In Koch, the forum selection clause read "No action or proceeding shall be commenced by [Plaintiff] against [Defendant] except in the Supreme Court of the state of New York, County of New York." Id. at 658. The court, in granting plaintiff's motion to remand, held that "the parties' inclusion of the forum-selection clause makes little sense unless it precludes removal" Id. at 659.

However, this is a Second Circuit Case.  As noted above, the Sixth Circuit has adopted a higher standard for the waiver of removal.  Thus, Koch is neither persuasive nor applicable.

Chrysler also relies on a case from another district where the court found a similar forum selection clause did  prohibit transfer.  In Mann v. Automobile Protection Corp., 777 F. Supp.2d 1234 (D. N. Mex. 2011), the forum selection clause read: "Any legal action taken regarding this Agreement shall be filed in the State or Superior Courts of Fulton County, Georgia or the United States District Court, Northern District Division."  Id. at 1242.  The court held that the language "indicates that the parties intended to make venue exclusive to the courts listed in the provision" and that "the language specifying where any legal action regarding the Agreement shall be filed would be superfluous if it did not mean that venue was exclusive in those courts."  Id. at 1242.

Putting aside that Mann is from outside this district, it is also inapposite.  The issue in Mann was whether the action could be transferred to a different venue, not whether the action could be removed to federal court.  The district court applied a different standard to determine whether a party waived its right to remove.

Finally, Chrysler's relies on the Supreme Court's decision in Atl. Marine Constr.

4

Co., Inc. v. U.S. Dist. Court for the W.D. of Texas et al., 134 S. Ct. 568 (2013).  Its

reliance is misplaced.  In Atlantic Marine, the Supreme Court considered whether an

action could be  transferred from one federal district court to another under 28 U.S.C. §

1404(a) where the parties had previously agreed to an appropriate venue in a forum

selection clause.  The language of the forum selection clause provided that "all disputes

between the parties shall be litigated in the Circuit Court for the City of Norfolk, Virginia,

or the United States District Court for the Eastern District of Virginia, Norfolk Division."

Id. at 575.  The Supreme Court held, "When parties have contracted in advance to

litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties'

settled expectations." Id. at 583.

        The issue in Atlantic Marine was transfer, not removal.  Chrysler says that the

holding in Atlantic Marine is broad enough to apply to both transfer and removal.  The

Court disagrees.  The Supreme Court found that "When parties agree to a

forum-selection clause, they waive the right to challenge the preselected forum as

inconvenient or less convenient for themselves or their witnesses, or for their pursuit of

the litigation." Id. at 582.  Waiver of the right to challenge convenience does not equate

to waiver fo the right of removal.  The Supreme Court did not consider a waiver of the

right of removal.

3.

        Eagle says that the forum selection clause does not prevent it from removing an

action filed in Oakland County.  Eagle notes that there is no language in the forum

selection clause that says anything about removal or waiving the right to remove.  Eagle

relies on multiple cases from the Sixth Circuit in support.  Each case is discussed in turn

5

below.

Eagle cites Regis Assoc's v. Bank Hotels Ltd., 894 F.2d 193, 195 (6th Cir. 1990) in support.  The forum selection clause in Regis read:  "The interpretation and application of this Agreement shall be governed by the law of the state of Michigan and the parties hereby submit to the jurisdiction of the Michigan Courts."  Id. at 194.  The district court granted plaintiff's motion to remand.  The Sixth Circuit reversed.  The Sixth Circuit held that "[a]lthough the right to remove can be waived, the case law makes it clear that such waiver must be clear and unequivocal."  Id. at 195.  The court of appeal found that the parties contracted to litigate within the state of Michigan, not specifically within state or federal court.

Eagle also cites to EBI-Detroit, Inc. v. City of Detroit, 279 F. App'x. 340 (6th Cir. 2008).  The forum selection clause in EBI read: "[Plaintiff] agrees to submit to the exclusive personal jurisdiction of, and not commence any action in other than, a competent State court in Michigan, regardless of residence or domicile, for any action or suit in law or equity arising out of or under the Contract Documents."  Id. at 346.  The court held, "A clause that does not even mention either removal or the party seeking to remove cannot be a clear waiver of removal."  Id. at 347.  The court reinforced that "any waiver of the right to remove must be clear and unequivocal." Id.

Finally, Eagle cites Cadle, supra, where the Sixth Circuit considered whether a forum selection clause waive the right of removal.  The forum selection clause read:  "All disputes… shall be resolved in the Newton Falls, Ohio Municipal Court or the Trumbull County, Ohio Common Pleas Court…"  Id. at 885.  The court of appeals held that this language did not clearly and unequivocally waive the defendant's right to remove,

6

explaining that "the forum selection clause at issue here neither mentions removal nor sets forth an explicit waiver of that right by [defendant]." Id. at 888.

Eagle also cites LaSalle Group, supra, as an example of where a forum selection clause waives the right to remove.  The forum selection in LaSalle read: "The dispute may only be commenced and maintained in the Circuit Court for the County of Wayne, State of Michigan, or in the District Court for the 35th District, State of Michigan." Id. at *1.  The district court found the clause "expressly mandates that litigation may only commence in the specified state courts and that it must remain there throughout." Id. at *4.  As such, the district court found that the parties had waived the right to remove and therefore granted plaintiff's motion to remand.

Finally, both Chrysler and Eagle cite Yakin v. Tyler Hill Corp., 566 F.3d 72, 76-77 (2d Cir. 2009), where the Court of Appeals for the Second Circuit considered whether a party had waived its right to remove based on the following language:  "It is agreed that the venue **and place of trial** of any dispute that may arise out of this agreement or otherwise, to which Tyler Hill Camp, or its agents, is a party shall be in Nassau County, New York." Id. at 74.  (Emphasis added).  The court held, "To the extent that a forum selection clause binds diverse parties by its express terms to specific jurisdiction that is not federal, it waives a statutory right to remove." Id. at 76.  Because there was no federal court within Nassau County, New York, the case must be remanded.  The court also noted that had there been a federal court within Nassau County, remand would be improper. "Had the parties intended to provide for that result, they could, of course, have drafted a different forum selection clause that communicated that intent.  We are free only to interpret and enforce the clause as written." Id. at 76-77.

7

4.

Considering the above authority, the authority cited by Eagle is more persuasive and leads to the conclusion that the forum selection clause between Chrysler and Eagle does not preclude the right to remove. The forum selection clause does not contain any language, as is required in this Circuit, which would clearly indicate that the right to remove is waived. Rather, it only states that an action should be "filed" in Oakland County. For example, it does not say that an action be filed "and maintained" in Oakland County or that "trial be held in Oakland County," or that "no party may remove the action once filed in Oakland County." Under any of these examples, Chrysler would be in a better position to argue that the parties agreed to waive the right to remove.

Chrysler says that if there is no waiver because it sued Eagle first, Eagle got the right to litigate the terms of the LOI in federal court. Chrysler says this is unfair and contrary to the parties intent. However, it was within the parties' power to contract for the litigation terms it desired. The fact that Chrysler filed first gave Eagle an opportunity to remove the case to a federal forum was a risk inherent in the language of the forum selection clause. Moreover, that Eagle filed an anser and counterclaim does not change the result. Eagle's counterclaim is not a separate action; it is part of this action. Simply put, the parties could have included language which would have precluded a party from removal. They did not.

Chrysler's argument that Eagle provided "no evidence" that the parties intended to limit only the aggrieved party's (first to file), choice of forum to Oakland County likewise falls flat. There is no need for "evidence" where the plain meaning supports Eagle's position. Further, while Chrysler fears that allowing Eagle to remove to federal

8

court will open the door to allow an opportunity to transfer the case to a different federal

forum, it offers no support for its fear that Eagle will seek to transfer the case.

IV.  Conclusion

For the reasons above, Chrysler's motion to remand is DENIED.[1]  The Clerk shall

schedule a status conference with the parties to chart the course of the case.

SO ORDERED.


                                         S/Avern Cohn
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE


Dated:  October 10, 2014


I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, October 10, 2014, by electronic and/or ordinary mail.


                                         S/Sakne Chami
                                         Case Manager, (313) 234-5160

---

[1]Eagle filed a motion to compel (Doc. 12).  As discussed at the hearing on
Chrysler's motion to remand, the parties shall move forward with discovery.  As such,
Eagle's motion is DENIED AS MOOT.