UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRYSLER GROUP, LLC,

    Plaintiff,

v.                                                                                                 Case No. 14-12964

EAGLE AUTO-MALL CORP.,                                                    HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER
GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND AMENDED
COUNTERCLAIM (Doc. 69)
AND
DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Doc. 70)[1]**

I. Introduction

This is a business dispute in a automotive dealer relationship.  Plaintiff Chrysler Group, LLC[2] is suing Eagle Auto-Mall Corporation (Eagle) seeking declaratory relief on the grounds that Eagle has, or will, breach of a letter of intent (LOI) between the parties. As will be explained, Eagle counterclaimed.

Before the Court is Eagle's motion for leave to file a second amended counterclaim (Doc. 69) and Eagle's motion for reconsideration of the Court's denial of its motion for leave to file a second amended counterclaim (Doc. 70).  For the reasons that follow, the motion for leave to file a second amended complaint will be granted.  Eagle's

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Effective December 15, 2014, Chrysler is now known as FCA US LLC (FCA).

motion for reconsideration will be denied.

## II. Background

Eagle's amended counterclaim (Doc. 31) asserted the following claims:

| | |
|---|---|
| Count I | Declaratory Relief as to Modification of the LOI and FCA's Breach |
| Count II | Contract Reformation |
| Count III | Breach of Contract and Duty of Good Faith and Fair Dealing |
| Count IV | Fraud |
| Count V | Promissory Estoppel |

Eagle also made explicit prayer for specific performance as a form of relief on its claim for breach of contract. See Doc. 30.

During an October 23, 2014 status conference, the Court instructed the parties to narrow the issues and bifurcated the case. Thereafter, on November 20, 2014, the parties filed a Rule 26(f) Joint Discovery Plan (Doc. 22). It provides that the case will proceed in two phases. Phase I concerns Eagle's claims for reformation of the LOI and modification. Phase II concerns the parties' remaining claims of breach of contract, fraud, and promissory estoppel–the latter only being asserted by Eagle. Phase II was stayed pending the outcome of Phase I.

FCA filed a motion for summary judgment on Counts I and II of Eagle's amended counterclaim in which Eagle essentially argued that the LOI was either modified by subsequent oral agreement should be reformed to reflect the intent of the parties which is not reflected in the LOI. (Doc. 34). In other words, FCA sought summary judgment on Phase I of the case. The Court granted the motion, holding that the LOI controls. The Court also stated:

> The LOI was neither orally modified by the parties nor is it subject to reformation. The parties' rights and obligations will rise and fall within the parameters of the LOI.

(Doc. 60 at p. 1). This left FCA's claim for declaratory relief and the following counterclaims:

| | |
|---|---|
| Count III | Breach of Contract and Duty of Good Faith and Fair Dealing |
| Count IV | Fraud |
| Count V | Promissory Estoppel |

Eagle then filed a motion to file a Second Amended Counterclaim to Add a claim for Rescission (Doc. 64). Eagle also said that the Second Amended Counterclaim will eliminate its claims for fraud (Count IV) and promissory estoppel (Count V). The Court denied the motion on several grounds, explaining:

> First, there is an element of delay. Eagle already amended its counterclaim once before. It offers no explanation for waiting until FCA prevailed on its summary judgment motion in Phase I to seek leave to add a claim for rescission.
> Second, the rescission claim is really a repackaging of its rejected claims for modification and reformation under the auspices of a new claim for rescission. The gravamen of all of these claims is Eagle's contention that was not possible to perform within the eight month time period and therefore the LOI must be modified or reformed or rescinded. The Court rejected this contention in Phase I.
> Third, the Court already expressed a view on a rescission claim. While FCA says it is the "law of the case," Eagle is correct that the Court technically did not rule on the merits of a rescission claim as Eagle had not formally asserted such a claim. However, there can be no doubt the Court addressed rescission, as noted above, stating that the impossibility necessary for rescission was not present and noting that rescission applies to the entire contract, not just a particular term.
> Finally, consistent with the Court's earlier observation, it would be futile to permit Eagle to assert a rescission claim at this stage in the case. The Court has ruled that the terms of the LOI apply and that Eagle chose the eight-month renovation option. Eagle's time to complete a renovation expired on October 27, 2014. Even if Eagle had chosen the 18-month "new build" option, the LOI would have expired on August 27, 2015. Based on the Court's summary judgment ruling, Eagle's rescission claim is moot. See Great Lakes Exteriors, Inc. v. Dryvit

>Sys., Inc., 2000 WL 156811, at *2-3 (E.D. Mich. Jan. 27, 2000) (holding that claims regarding pricing issues under a contract were moot where the contract had expired by its terms).
>
>Further, as the Court noted in the summary judgment order, a successful claim for rescission rescinds an entire contract, not a single term that a party does not like. The Court cited Roberts v. Farmers Ins. Exchange, 275 Mich. App. 58, 73 (2007) in which the Michigan Court of Appeals said that "[a] promisor's liability may be extinguished in the event his or her contractual promise becomes objectively impossible to perform." Eagle cannot use a "rescission" claim to accomplish indirectly what it could not do directly through its modification and reformation claims: rewrite the LOI.

(Doc. 68)

Three days after the Court denied Eagle leave to assert a claim for rescission, Eagle filed a second motion for leave to file a second amended counterclaim. Eagle (1) eliminates its claims for fraud and promissory estoppel and (2) clarifies that its breach of contract claim is a claim for breach of the parties' LOI and not a claim for breach of the duty of good faith and fair dealing.

Eagle also moved for reconsideration of the denial of leave to add a claim for rescission.

Each motion is addressed in turn below.

### III. Motion for Leave to Amend

#### A. Legal Standard

Under Fed. R. Civ. P. 15(a), a party may amend their pleadings after 20 days "only by leave of court or by written consent of the adverse party; and leave to amend pleadings "shall be freely given when justice so requires." The decision whether or not to permit the amendment is committed to the discretion of the trial court. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); Estes v.

Kentucky Util. Co., 636 F.2d 1131, 1133 (6th Cir. 1980). This discretion, however, is "limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." See Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted). In determining whether to permit amendment, some of the factors which may be considered by the district court are undue "delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Hageman v. Signal L.P. Gas, Inc. 486 F.2d 479, 484 (6th Cir. 1973). See also Foman v. Davis, 371 U.S. 178, 182 (1962). Delay by itself is not sufficient to deny a motion to amend. Hageman, 486 F.2d at 484. See also General Elec. Co. v. Sargent & Lundy 916 F.2d 1119, 1130 (6th Cir. 1990).

B. Application

FCA agrees that Eagle's claims for fraud and promissory estoppel should be dismissed. However, FCA says that Eagle's attempted clarification of its breach of contract claim is improper because the claim cannot withstand a motion to dismiss, i.e. it lacks plausibility in large part because it seeks to override the express terms of the LOI.

While FCA may be correct as to the merits of Eagle's breach of contract claim, the better course is to grant Eagle leave to amend. The Second Amended Counterclaim eliminates the fraud and promissory estoppel claims and contain only a breach of contract claim. After the Second Amended Complaint is filed, FCA may move for any relief it deems fit, including seeking relief on its claim for declaratory relief.

IV. Motion for Reconsideration

A. Legal Standard

E.D. Mich LR 7.1(h)(3) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997)(citing Webster's New World Dictionary 974 (3rd ed. 1988)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. Czajkowski v. Tindall & Associates, P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997).

B. Application

Eagle has not satisfied the standard for reconsideration. Eagle essentially repeats the arguments considered and rejected by the Court as to whether it has a viable claim for rescission. The Court fully explained why Eagle's claim was not legally or factually plausible. As further explained in FCA's response (Doc. 74), Eagle has not shown a palpable error in the Court's detailed analysis of Eagle's proposed rescission claim.

V. Conclusion

6

For the reasons stated above, Eagle's motion for leave to file a Second Amended Counterclaim is GRANTED.  Eagle's motion for reconsideration is DENIED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: December 22, 2015
      Detroit, Michigan